IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NATHAN DARRELL NEIGHBORS | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-78 |
| NEDERLAND TANK WASH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Nathan Darrell Neighbors, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Nederland Tank Wash and Pulido Transport. Plaintiff has requested leave to proceed *in forma pauperis*.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) applies to this action because at least three of Plaintiff's prior lawsuits or have been dismissed as frivolous.[1] As a result, Plaintiff may not bring this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884-5 (5th Cir. 1998) (revoking the plaintiff's *in forma pauperis* status after determining that he was not in imminent danger at the time he filed his notice of appeal). Allegations of past threats and assaults are insufficient to show the plaintiff was in imminent danger at the time he filed his complaint. *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011). To meet his burden of showing that he is in imminent danger, the plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent, serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet the plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998); *see also Floyd v. Lumpkin*, No. 22-40693, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023) (holding that conclusory and speculative allegations of possible future violence are insufficient to demonstrate a "genuine impending emergency").

Plaintiff's Complaint concerns allegations that Defendants were responsible for a chemical release on December 16, 2021. Plaintiff did not allege any facts from which the court could conclude that Plaintiff was in imminent danger as a result of Defendants' actions at the time he filed this action on February 17, 2023. Accordingly, Plaintiff is barred from proceeding *in forma pauperis*.

---

[1] *Neighbors v. State of Texas*, No. 4:08cv620 (N.D. Tex. Oct. 29, 2008) (dismissed as frivolous); *Neighbors v. Winkle*, No. 4:09-CV-96 (N.D. Tex. Apr. 17, 2009) (dismissed as malicious); *Neighbors v. Nut*, No. 4:09cv125 (N.D. Tex. Apr. 12, 2009) (dismissed as frivolous); *Neighbors v. Anderson*, No. 4:09cv167 (N.D. Tex. May 12, 2009) (dismissed as frivolous).

Recommendation

Plaintiff should be denied leave to proceed *in forma pauperis*. The action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), unless Plaintiff pays the full $402 filing fee within fourteen days after entry of this Report and Recommendation.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE